Don **JUSTICE** et al., Appellants,

v.

Lassie **McCOY** et al., Appellees.

Court of Appeals of Kentucky.

March 4, 1960.

W. A. Daugherty, Pikeville, for appellants.

Henry D. Stratton, Pikeville, for appellees.

CULLEN, Commissioner.

The question in this case is whether, in measuring the depth of a residential town lot which lies on a sharply sloping hillside, under a deed which calls for a depth of 60 feet "up the hill," a horizontal measurement or a surface measurement should be used. The circuit court, in an action between the owner of the lot and the owners of two adjoining lots lying above on the hillside, held that the surface measurement should be employed.

The land in question lies between High Street and Kentucky Avenue in the City of Pikeville. The two streets are about 100 feet apart, by surface measurement, but the level of High Street is around 40 feet above that of Kentucky Avenue.

The lot of the appellants faces Kentucky Avenue. The lots of the appellees face

High Street. Each of the two lots facing High Street has a house on it, which houses were built at a time when all three lots were owned by one family. The lower lot was sold by this family to the appellants' predecessors in title in 1939 and the upper two lots were sold to the appellees in 1941 and 1944, respectively.

By reason of the sharp slope of the land, a horizontal measurement of 60 feet would produce a surface depth of around 70 feet for the appellants' lot. This would mean that the back several feet of the appellees' houses would be on the appellants' land.

In order to reach the conclusion that the parties to the deed intended a horizontal measurement to be used, we would be required to believe that the grantors intended to convey, and the grantees to buy, not only a vacant piece of hillside land but also several feet off the rear of the grantors' houses. We would also be required to ignore the provision of the deed for measurement "up the hill."

The appellant maintains that it is not a question of intent, but that there is an absolute rule calling for the use of horizontal measurement. We find authority, however, for the proposition that a surface measurement is proper where it is a custom of the locality or where it is dictated by the circumstances of the case. 11 C.J.S. Boundaries § 9, p. 551. Also, it has been held that straight line measurement will not be employed where language of the deed (such as "along the road") or other circumstances, or local customs, indicate a different intent. Hite v. Graham, 5 Ky. 141; McKee v. Bodley, 5 Ky. 481; Whitaker v. Hall, 4 Ky. 72.

The appellants' surveyor testified that people not ordinarily versed in surveying would generally measure a slope such as this by surface distance. All of the circumstances here point to the use of surface measurement—the fact that the parties obviously did not intend a conveyance of part of the grantors' houses; the fact that the

deed calls for a distance "up the hill;" and the fact that for some 13 years after the deed was executed the parties treated the boundary line as being from a cherry tree behind one of the appellees' houses, approximately 60 feet by surface measurement from Kentucky Avenue. Furthermore, one of the grantees in the original 1939 deed (a predecessor in title to the appellants), testified that it was the grantees' understanding that the distance called for in the deed was by surface measurement, and that the line was to run to a tree behind one of the grantors' houses.

It is our opinion that the findings and judgment of the circuit court are correct.

The judgment is affirmed.